IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROYCE CALKINS**                                                                                                **PETITIONER**

v.                                      NO. 4:25-cv-00183-JM-PSH

**DEXTER PAYNE**                                                                                                **RESPONDENT**


FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Introduction. In this case, filed pursuant to 28 U.S.C. 2254, petitioner Royce Calkins ("Calkins") challenges his convictions of murder in the first-degree. It is recommended that the motion to dismiss filed by respondent Dexter Payne ("Payne") be granted, and this case dismissed, because Calkins' claims are procedurally barred from federal court review.

Background. The record reflects that in March of 2021, Calkins was charged in Stone County Circuit Court with two counts of murder in the first-degree and one count of possession of a firearm by certain persons. After Calkins placed his mental competency in issue, a physician with the Arkansas State Hospital, Dr. Abigail Taylor, Psy.D., ("Taylor") performed "fitness-to-proceed and criminal-responsibility evaluations on Calkins." See Calkins v. State, 2024 Ark. 23, 682 S.W.3d 681, 684 (2024). In May of 2021, Taylor concluded that Calkins "did not have a mental disease or defect and had the capacity to appreciate the criminality of his conduct, to conform his conduct to the requirements of the law, and to form the culpable mental state required as an element of the offense." See Id. The state trial court relied upon Taylor's conclusions and found the following with respect to Calkins' mental competency:

1. That based upon said report and [Calkins] did demonstrate the capacity to understand the proceedings against his/her and the ability to effectively assist in his/her defense.

2. At the time of the examination [Calkins] did not have a mental disease or defect.

3. At the time of the alleged conduct, should the fact finder conclude that [Calkins] committed the charged offense:

   a. [Calkins] did not have a mental disease or defect.

   b. [Calkins] did not lack the capacity to appreciate the criminality of his conduct.

   c. [Calkins] did not lack the capacity to conform his conduct to the requirements of the law.

   d. [Calkins] did not lack the capacity to form the required culpable mental state.

   NOW, THEREFORE, IT IS HEREBY CONSIDERED, ORDERED, AND ADJUDGED that [Calkins] is determined to be competent to proceed to trial in this cause, has the ability to assist in the preparation and conduct of his/her own defense, and was mentally competent at the time of the alleged offense.

See Docket Entry 13, Exhibit C at CM/ECF 1-2.

In June of 2023, Calkins was tried and convicted of two counts of murder in the first-degree, and the jury found that he used a firearm in the commission of the offenses. He was sentenced to two consecutive terms of life imprisonment, "plus a fifteen-year sentencing enhancement to each term for using a firearm." See Calkins v. State, 682 S.W.3d at 683.

Calkins appealed his convictions. For reversal, he advanced two claims: first, the evidence is insufficient to support his convictions, and second, the state trial court abused its discretion by "denying his proffered jury instructions on justification and kidnapping." See Calkins v. State, 682 S.W.3d at 683. The Arkansas Supreme Court found no reversible error and affirmed his convictions, issuing its mandate in March of 2024.

Calkins did not thereafter seek state post-conviction relief by filing a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37 petition"). He did, though, file a state trial court "Letter of Demand" in January of 2025, a submission in which he requested certain documents in anticipation of filing a state petition for writ of habeas corpus. See Docket Entry 13, Exhibit F. The record is silent as to whether his request was granted, and there is nothing to suggest that he later filed such a petition.

This Case. Calkins began this case in March of 2025 by filing a petition for writ of habeas corpus. In the petition, he advanced the following four claims, all of which are tied to the issue of his mental competency:

(1) he was denied due process because he suffered from a mental disease or defect at the time of the commission of the crimes and at the time of his trial,

(2) Calkins was denied fundamental fairness because he suffered from a mental disease or defect at the time of the commission of the crimes and at the time of his trial,

(3) he was denied a fair trial because he suffered from a mental disease or defect at the time of his trial, and

(4) Calkins was denied a fair and impartial trial because the state failed to have a neurologist provide expert testimony on the issue of Calkins' mental competency.

Payne responded to the petition by filing the pending motion to dismiss. See Docket Entry 12. In the motion, Payne maintained that the petition should be dismissed because Calkins' claims are procedurally barred from federal court review.

Calkins filed a response to the motion to dismiss and joined the response with a motion to amend. See Docket Entry 15. In the response, he admitted that he did not present his claims to the state courts but alleged that his failure to do so was caused by a mental disease or defect, interference by state officials, and his attorney's ineffectiveness. In the motion, he asked that he be allowed to add a claim of ineffective assistance of counsel. The motion to amend was granted, and his petition was deemed to include the following claim:

5

(5) counsel provided ineffective assistance because he abandoned Calkins and his claims at trial, on direct appeal, and at the post-conviction proceeding stage.

Procedural Bar. A federal court cannot consider a claim if the petitioner failed to first present the claim to the state courts in accordance with the state's procedural rules. See Shinn v. Ramirez, 596 U.S. 366 (2022). A claim not so presented may nevertheless be considered in one of two instances. First, such a claim can be considered if the petitioner can show cause for his procedural default and prejudice. See Burford v. Payne, No. 4:20-cv-00398-KGB-JJV, 2020 WL 8299805 (E.D. Ark. July 15, 2020), report and recommendation adopted, No. 4:20-cv-00398-KGB, 2021 WL 280880 (E.D. Ark. Jan. 27, 2021).[1] Second, the claim can be considered if the petitioner can show that the failure to consider the claim will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction of one who is actually innocent. See Id.

---

[1] To establish cause, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rules." See Shinn v. Ramirez, 596 U.S. at 379 (internal citation and quotations marks omitted). To establish prejudice, the petitioner must show "not merely a substantial federal claim, such that the errors at ... trial created a possibility of prejudice, but rather that the constitutional violation worked to his actual and substantial disadvantage." See Id. at 379-380 (internal citations, quotations marks, and emphasis omitted).

Here, Calkins could have raised his first four claims—claims tied to the issue of his mental competency—on direct appeal, but he failed to do so. He instead challenged the sufficiency of the evidence and the state trial court's denial of his jury instructions. Calkins could have raised his fifth claim—an ineffective assistance of counsel claim—in a Rule 37 petition, but he never filed such a petition. Thus, he never presented the claims at bar to the state courts, and a procedural default has occurred. The only question is whether the default can be excused.[2]

As cause for the default, Calkins maintains that he suffers from a "neurological/mental (psychosis) disease or defect." See Docket Entry 15 at CM/ECF 2. He additionally maintains that he was prevented from complying with the state's procedural rules because of interference from state officials and because his claims were abandoned by his attorney at trial, on direct appeal, and at the post-conviction proceeding stage. Last, Calkins maintains that "the factual basis of his desired amended claims could not have been discovered before [he] could have properly and fairly presented [his] petition ..." See Docket Entry 15 at CM/ECF 3. His assertions of cause, though, are unavailing for the following reasons.

---

[2] A federal court may raise procedural bar sua sponte, see King v. Kemna, 266 F.3d 816 (8th Cir. 2001), which the undersigned does with respect to Calkins' fifth claim.

First, a mental disease or defect can satisfy the cause requirement. The petitioner must make a "conclusive showing" that the disease or defect "interfered with [his] ability to appreciate his ... position and make rational decisions regarding his ... case at the time during which he ... should have pursued [state] post-conviction relief." See Gordon v. Arkansas, 823 F.3d 1188, 1197 (8th Cir. 2016) (internal quotation marks and citations omitted).[3]

The undersigned accepts for purposes of these Findings and Recommendation that Calkins has a history of mental health problems. Those problems, though, are not the reason claims one, two, three, and four were not raised on direct appeal, which is when they should have been raised. Calkins was represented by counsel during the period, and counsel did not raise the claims. Calkins is bound by his attorney's failure to do so, as Calkins "bears the risk in federal habeas for all attorney errors made in the course of the representation," "unless counsel provides constitutionally ineffective representation." See Shinn v. Ramirez, 596 U.S. 382-383 (internal quotations marks and citations omitted).

---

[3] A mental disease or defect prejudices a petitioner if it "interferes with or impedes his ... ability to comply with state procedural requirements, such as pursuing post-conviction relief within a specific time period." See Id. (internal quotation and citations omitted).

Calkins was not represented by counsel during the period Calkins could have raised claim five in a Rule 37 petition, that period being the sixty-days between March of 2024 and May of 2024.[4] He has failed, though, to make a "conclusive showing" that his mental health problems interfered with his ability to appreciate his position and make rational decisions regarding his case at the time during which he should have pursued post-conviction relief. Although he represents in his affidavit that he was impaired during the sixty-day period, he has offered nothing to substantiate his representation. For instance, he has not offered any "diagnosis documents, medical records, or other evidence to support his claim of mental incapacity." See Phillips v. Payne, No. 4:22-cv-00852-JTK, 2024 WL 96674, 3 (E.D. Ark. Jan. 9, 2024). His pleadings, in fact, appear to establish a contrary proposition, i.e., he was not impaired during the period. He admits to being apprised following his direct appeal of his right to file a Rule 37 petition, and his mental health problems did not prevent him from writing "request forms" and grievances in April of 2024 in which

---

[4] Arkansas Rule of Criminal Procedure 37.2(c)(ii) provides, in part, the following: "If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court."

he sought help for his medical condition, see Docket Entry 2 at CM/ECF 18-19.

Second, interference by state officials can also satisfy the cause requirement. The petitioner must show that "some objective factor, external to [his] defense and not fairly attributable to him, imped[ed] him from constructing or raising his claims in state court or complying with the state's procedural rules." See Wilson v. Payne, No. 5:19-cv-00134-BRW-JTR, 2019 WL 6712088, 6, n.19 (E.D. Ark. Nov. 7, 2019), report and recommendation adopted, No. 5:19-cv-00134-BRW, 2019 WL 6711456 (E.D. Ark. Dec. 9, 2019).

Calkins has failed to show that state officials interfered with his ability to construct or raise his claims in state court or otherwise prevented him from complying with the state's procedural rules. Although he alleges that the officials withheld evidence relevant to his mental health problems, see Docket Entry 15 at CM/ECF 4, 9, he has offered nothing to substantial his allegation. The facts relevant to those problems were well known to him, and no interference by state officials deprived his attorney of the opportunity to raise claims one, two, three, and four on direct appeal. Counsel elected to raise other claims, and Calkins is bound by that decision. The facts relevant to Calkins' fifth claim—an ineffective

assistance of counsel claim—would have been known to him by the time he could have filed a Rule 37 petition.

Calkins additionally alleges that state officials denied him a trial transcript and other documents. See Docket Entry 15 at CM/ECF 9. The lack of a trial transcript and other records were not impediments that prevented him from filing a Rule 37 petition or from ascertaining the facts necessary to formulate his claim had he acted with diligence.[5] He was aware of the facts underlying the charged offenses, was present at trial, and generally knew of the facts giving rise to his fifth claim by the time he could have filed a Rule 37 petition.

Third, ineffective assistance of counsel can satisfy the cause requirement. Before ineffective assistance of counsel can be used as cause for a procedural default, though, it must have first been presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Here, Calkins never presented an ineffective assistance of counsel claim to the state courts as an

---

[5] Counsel would have had the trial transcript and other records at the time of Calkins' direct appeal. There is nothing to suggest that those documents played a part in counsel's failure to raise claims one, two, three, and four on direct appeal.

11

independent Sixth Amendment claim. For that reason, ineffective assistance of counsel cannot be used now to satisfy the cause requirement.

Notwithstanding the foregoing, <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an initial-review collateral proceeding. In that case, the United States Supreme Court held that ineffective assistance of post-conviction counsel may excuse the default of a substantial claim of ineffective assistance of counsel at trial. The <u>Martinez</u> exception, though, is of no benefit to Calkins in this instance.

"Federal district courts in Arkansas have consistently held that a habeas petitioner ... must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on <u>Martinez</u> to excuse his procedural default." <u>See</u> <u>Lane v. Kelley</u>, 2017 WL 5473925, 4. Calkins did not initiate a state collateral review proceeding by filing a Rule 37 petition.

Last, the undersigned accepts that the cause requirement can be satisfied if a petitioner can show the factual basis of his claims were not available at the time he could have raised them in state court. Here, there is no doubt that the factual basis of Calkins' claims were available at the time he could have raised them in state court. Claims one, two, three, and

four were available to counsel by the conclusion of the trial, and Calkins knew of his fifth claim by the time he could have filed a Rule 37 petition.

Notwithstanding the foregoing, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Calkins has failed to make the requisite showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime[s] for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

Given the foregoing, the undersigned finds that Calkins failed to give the state courts an opportunity to address the five claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are therefore procedurally barred from federal court review.

Recommendation. It is recommended that Payne's motion to dismiss be granted and Calkins' petition be dismissed. All requested relief should be denied, and judgment should be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Calkins

cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 17th day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE